UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

LINA MARIA CARDOZO VALERO,                                                            Petitioner,

v.                                                                              Civil Action No. 4:26-cv-36-DJH

KRISTI NOEM, Secretary, Department of
Homeland Security et al.,                                                          Respondents.

\* \* \* \* \*

**MEMORANDUM AND ORDER**

Lina Maria Cardozo Valero, a noncitizen resident of the United States currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending removal proceedings. She alleges that her detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. (Docket No. 1) The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 3), and they have submitted briefing setting out their respective legal arguments (D.N. 5; D.N. 8). After careful consideration, the Court will grant Valero's petition for the reasons explained below.

**I.**

Valero is a thirty-five-year-old native and citizen of Colombia. (D.N. 1, PageID.4 ¶ 15; D.N. 1-1, PageID.11; D.N. 1-2, PageID.12) She entered the United States without inspection on or about October 11, 2023, and was detained by U.S. Customs and Border Protection.[1] (D.N. 1-2, PageID.12) On October 12, 2023, Valero was released into the United States and placed in removal proceedings via a Notice to Appear, which charged her as "an alien present in the United States

---

[1] Although the petition alleges that Valero entered the United States in May 2023 (D.N. 1, PageID.4 ¶ 15), the Notice to Appear states that she "arrived in the United States . . . on or about October 11, 2023." (D.N. 1-2, PageID.12)

1

without being admitted or paroled." (D.N. 1-2, PageID.12; *see* D.N. 1, PageID.4 ¶ 16) Valero applied for asylum and received employment authorization to work in the United States. (D.N. 1, PageID.4 ¶ 17; *see* D.N. 1-3, PageID.13) She states that she "has no criminal history" and is "neither a flight risk nor a danger to the community." (D.N. 1, PageID.5 ¶ 18) On November 5, 2025, Valero "received a request to appear to update her information with the Department of Homeland Security." (*Id.* ¶ 19) Upon being directed to another location, she was detained by U.S. Immigration and Customs Enforcement (ICE) officials pursuant to an administrative arrest warrant. (*Id.*; *see* D.N. 5-1, PageID.33) She had a hearing on her removal proceedings on February 3, 2026, and is detained at the Grayson County Detention Center. (*See* D.N. 5-2, PageID.34; D.N. 1, PageID.1 ¶ 1)

Valero seeks a writ of habeas corpus against Grayson County Jailer Jason Woosley, Acting Director of ICE Todd Lyons, Department of Homeland Security Secretary Kristi Noem, and U.S. Attorney General Pamela Bondi. (D.N. 1, PageID.3–4 ¶¶ 11–14) Valero alleges that her detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226; due process under the Fifth Amendment; and a class-action judgment from the Central District of California. (*See id.*, PageID.8–9 ¶¶ 30–39) Valero asks the Court to order her immediate release or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226. (*See id.*, PageID.10) Respondents argue that (1) Valero is properly detained under § 1225(b)(2) as an applicant for admission who is seeking admission; (2) the class-action judgment from the Central District of California has no preclusive effect in this matter; (3) Respondents' "reading of Section 1225(b)(2) does not render Section 1226(c) superfluous"; and (4) Valero's detention does not violate due process because she

"was afforded all the process [s]he was due" under § 1225.[2]  (*See* D.N. 5, PageID.20–29; D.N. 5-3, PageID.68, 70)

## II.

### A.    Immigration and Nationality Act

Valero asserts that 8 U.S.C. § 1226(a), not § 1225(b)(2), governs her detention.  (D.N. 1, PageID.9 ¶ 39)  Respondents argue that § 1225(b)(2) authorizes Valero's detention, incorporating by reference arguments from the appellants' brief in *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025), *appeal docketed*, No. 25-1965 (6th Cir. Oct. 27, 2025).  (*See generally* D.N. 5-3)

Respondents' arguments are nearly identical to those made in *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920 (W.D. Ky. Nov. 4, 2025).  The Court thus summarizes and incorporates by reference its reasoning and determination from that decision.  There, the Court found that the petitioner was an applicant for admission as an "alien present in the United States who ha[d] not been admitted," *id.* at *5 (quoting § 1225(a)(1)), but that he was not "seeking admission" because he was residing in the United States at the time of his arrest.  *See id.* at *5, *7.  Likewise, Valero is an applicant for admission because she is an "alien present in the United States who has not been admitted," § 1225(a)(1) (*see* D.N. 1-2, PageID.12), but she is not "seeking admission" under § 1225(b)(2)(A) because she has lived in the United States for nearly three years.

---

[2] Respondents also argue that Valero's employment authorization has no bearing on her removal proceedings or detention.  (*See* D.N. 5, PageID.29–31)  Because Valero does not contend that it does (*see generally* D.N. 1, D.N. 8), the Court will not address this issue.  Moreover, Respondents do not contest that the Court has jurisdiction to review Valero's petition (*see* D.N. 5-3, PageID.52). *See Lopez v. Olson*, No. 3:25-cv-654-DJH, 2025 WL 3217036, at *2 (W.D. Ky. Nov. 18, 2025) ("[28 U.S.C. § 2241] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  Nor do Respondents argue whether Valero must exhaust her administrative remedies.  (D.N. 5-3, PageID.66 n.4)  Therefore, the Court will not address these issues.

3

*See Alonso*, 2025 WL 3083920, at *6. "[T]he category of applicants for admission covered by § 1225(b)(2) who are 'seeking admission' is meant to refer to those who are presenting themselves at the border, or who were recently apprehended just after entering." *Hyppolite v. Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *9 (E.D.N.Y. Oct. 6, 2025). Valero was apprehended while residing in the interior of the United States and thus does not fall within this category. (*See* D.N. 1, PageID.5 ¶ 19) And although the petitioner in *Alonso* had been present in the United States for more than a decade, *see* 2025 WL 3083920 at *1, and Valero has resided here for approximately three years (D.N. 1, PageID.4 ¶ 15), this Court and others have found § 1225 inapposite where petitioners had resided in the United States for shorter periods. *See, e.g.*, *Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *4 (W.D. Ky. Nov. 26, 2025) (around two years); *Hyppolite*, 2025 WL 2829511, at *1 (three years); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 481 (S.D.N.Y. 2025) (two years).

Respondents additionally argue that their position "does not render Section 1226(c) superfluous." (D.N. 5-3, PageID.68) They claim that "[a]lthough Section 1226(c) and Section 1225(b)(2) overlap for some aliens, each provision has independent effect." (*Id.*, PageID.85) As the Court explained in *Alonso*, the recent amendment to § 1226, codified in § 1226(c)(1)(E), "applies to noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(6)(A) and who have been charged with, arrested for, or convicted of 'burglary, theft, larceny, shoplifting, or assault of a law enforcement officer . . . , or any crime that results in death or serious bodily injury to another person.'" 2025 WL 3083920 at *6 (quoting § 1226(c)(1)(E)(ii)). "Considering that § 1182(a)(6)(A)(i) specifically refers to aliens 'present in the United States without being admitted or paroled,' and that § 1226(c)(1)(E) requires detention without bond of these individuals if they have also committed a felony, the recently created statutory exception would be redundant if

4

§ 1225(b)(2) authorized their detention as well." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sep. 9, 2025) (citation omitted). Thus, despite overlap between § 1225(b) and § 1226(c) regarding noncitizens who have not been admitted or paroled, Respondents' reading of § 1225 would render § 1226(c) superfluous. *See id.* ("[B]ecause an alien present in the United States without admittance would be unlikely to prove that they are 'clearly and beyond a doubt entitled to be admitted [under § 1225(b)(2)(A)],' ICE would never need to rely on § 1226(c)(1)(E) to detain them." (citations omitted)); *Hurtado v. Jamison*, No. 25-6717, 2025 WL 3678432, at *5 (E.D. Pa. Dec. 18, 2025) ("[T]hese recent amendments drive home the conclusion that Congress never intended § 1225(b)(2)(A) to apply to noncitizens who have been permitted to come into [the United States], on parole or otherwise, and have been residing in this country for years.").

Respondents also maintain that their position is supported by the Supreme Court's opinion in *Jennings v. Rodriguez*, 583 U.S. 281 (2018). (*See* D.N. 5-3, PageID.92–94) *Jennings* considered whether §§ 1225(b), 1226(a), and 1226(c) require providing periodic bond hearings to noncitizens detained under those provisions. *See* 583 U.S. at 286, 291. As Respondents note, "the Supreme Court [in *Jennings*] did not rule on whether non-admitted or inadmissible aliens fell within Section 1226(a) as opposed to Section 1225(b)(2)(A)." (D.N. 5-3, PageID.94) Whether Respondents' position is consistent with *Jennings* is thus not dispositive here. In any event, *Jennings* stated that "§ 1226 applies to aliens already present in the United States[, and §] 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." 583 U.S. at 303. The opinion also described § 1225(b)(1) and (b)(2) as "authoriz[ing] the [g]overnment to detain certain

aliens *seeking admission* into the [United States]." *Id.* at 289 (emphasis added). Thus, the Court's reading of the relevant statutes is consistent with *Jennings*.

In accordance with its prior decisions addressing the same issue, the Court concludes that Valero is detained under § 1226(a), not § 1225(b)(2), and is thus entitled to a bond hearing. *See Singh*, 2025 WL 3298080, at *5; *Lopez*, 2025 WL 3217036, at *3; *Alonso*, 2025 WL 3083920, at *8.

**B.    Class-Action Judgment**

Valero asserts that the Court should grant her petition on the ground that she is a member of a class certified in the Central District of California eligible for nationwide, declaratory relief against mandatory detention. (*See* D.N. 1, PageID.9 ¶¶ 35–36)  Respondents argue that the class-action judgment is neither applicable nor binding here. (*See* D.N. 5, PageID.22–29)

The Central District of California entered final judgment for a class defined as

> [a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713982, at *1 (C.D. Cal. Dec. 18, 2025), *appeal filed*, No. 25-7958 (9th Cir. Dec. 19, 2025).  The final judgment "(1) declared that the Department of Homeland Security[']s] . . . new policy of deeming noncitizens arrested in the United States and charged with being inadmissible as 'applicant[s] for admission' subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) conflicted with the text of the Immigration [and] Nationality Act . . . and (2) vacated that policy under the Administrative Procedure Act." *Ore Falcon v. Wofford*, No. 1:26-cv-00181-WBS-EFB, 2026 WL 171927, at *1 (E.D. Cal. Jan. 22, 2026); *see Bautista*, 2025 WL 3713982, at *3–4.  This Court and others have found it "'not necessary . . . to adopt the position of the Central District of California' and have instead reviewed

habeas petitions 'on the[ir] independent merits.'" *Coronel-Hernandez v. Woosley*, No. 4:26-cv-20-DJH, 2026 WL 227011, at *4 (W.D. Ky. Jan. 28, 2026) (omission and alteration in original) (quoting *Rodriguez v. Noem*, No. 4:25-cv-176-RGJ, 2026 WL 116412, at *9 n.8 (W.D. Ky. Jan. 15, 2026)); *see, e.g.*, *Meza v. Lewis*, No. 4:25-cv-171-RGJ, 2026 WL 92102, at *10 n.8 (W.D. Ky. Jan. 13, 2026) (taking the same approach). Accordingly, the Court will "'rest[] its decision' on the merits of" Valero's petition. *Coronel-Hernandez*, 2026 WL 227011, at *4 (alteration in original) (quoting *Rodriguez*, 2026 WL 116412, at *9 n.8).

**C.     Due Process**

Valero asserts that her detention violates due process under the Fifth Amendment. (*See* D.N. 1, PageID.8 ¶¶ 30–33) Respondents argue that "Section 1225(b)(2) does not afford Petitioner the ability to obtain release on bond, and so the Due Process Clause does not either." (D.N. 5-3, PageID.95) Because Valero is detained under § 1226(a), not § 1225(b)(2), Respondents' argument as to the due process required by § 1225(b)(2) is futile. *Singh*, 2025 WL 3298080, at *5.

The Fifth Amendment's Due Process Clause extends to all persons, including noncitizens, regardless of immigration status and in the context of removal proceedings. *Plyler v. Doe*, 457 U.S. 202, 210 (1982) (citations omitted); *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (per curiam) (citation omitted). To determine whether civil detention violates a petitioner's due process rights, the Court applies the three-part balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Alonso*, 2025 WL 3083920, at *8 (citing *Barrera v. Tindall*, No. 3:25-cv-541-RGJ, 2025 WL 2690565, at *6 (W.D. Ky. Sep. 19, 2025)). Under that test, the Court weighs

> (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and

7

administrative burdens that the additional or substitute procedural requirement would entail.

*Barrera*, 2025 WL 2690565, at *6 (citing *Mathews*, 424 U.S. at 335).

Like the petitioners in *Barrera* and other cases recently before the Court, Valero "has a significant private interest in not being detained." *Id.*; *see Singh*, 2025 WL 3298080, at *6; *Alonso*, 2025 WL 3083920, at *9. Moreover, "the risk of erroneously depriving [Valero] of [her] freedom is high if the [immigration judge] fails to assess [her] risk of flight and dangerousness." *Lopez-Campos*, 797 F. Supp. 3d at 785; *see* 8 C.F.R. § 1236.1(c)(8), (d)(1). Finally, the Court "recognizes that the United States does have a strong interest in ensuring noncitizens do not harm their community and that they appear for future immigration proceedings." *Barrera*, 2025 WL 2690565, at *7 (citation omitted). But a "routine bond hearing before an [immigration judge]" presents "minimal" fiscal and administrative burdens, and "there is an established process for doing so that [the Department of Homeland Security] can readily follow here." *Hyppolite*, 2025 WL 2829511, at *15. Thus, because all three *Mathews* factors weigh in Valero's favor, the Court concludes that her detention violates due process. *See Singh*, 2025 WL 3298080, at *5–6; *Barrera*, 2025 WL 2690565, at *6–7.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Valero's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Valero, and, in the event she is arrested and re-detained, provide her with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C.

§ 1226(a). Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **February 19, 2026**.

    (2)    Upon receipt of the notice of compliance, this matter will be **CLOSED**.

February 17, 2026

                                                 David J. Hale, Chief Judge
                                                 United States District Court